Case for today is United States against Hollins. I'm not sure how you pronounce it, Ramay, Ramay, Ramay. Always glad to see good French pronunciation. Oh okay, well that works. Rumor has it they speak French in Belgium. They do. Good morning, Your Honor. May it please the court, Mr. Baum. My name is Colleen Ramay and I am here on behalf of defendant appellant Sylvia Hollins today. This court is often presented with questions regarding how much discretion to afford a case, however, presents a different question. What is the appropriate remedy for a defendant when the district judge fails to exercise or articulate any discretion at all and instead relies on the probation office to both make findings of fact and determine the appropriate sentence? The unusual procedural posture of this case necessarily informs this court's understanding of the revocation proceedings in the district court. So if it had not been for the AUSA's intervention at the very end, I think you might have had a real point, but the district court ultimately says I'm not blindly following the probation office. I disagree with them some of the time, but they are experts and I want to follow them now in effect. So isn't that good enough? No, Your Honor. While the district court did say that it was agreeing with the probation office in this particular case, there was no evidence that it had any of its own independent analysis of either the 3553A factors or the defendant's arguments in mitigation. Well, so the principal argument in mitigation, it Ms. Pollock, was that there should be some discount. She makes it clear, not a 100% discount, but some discount for the time in custody for the 28 months for the underlying offenses. District judge misunderstands her at first, but then because the district judge said there should be marginal punishment and Ms. Pollock says no, I'm not asking for her to be put at liberty again, and then the AUSA says there's a reason there should be consecutive sentences, and then the court doesn't tie it in a bow, but the court just says, well, I'm going to leave it the way it is, basically. I mean, I'm summarizing almost a whole page, but that's roughly what he said. He thinks she should be back in custody. That's true, Your Honor, but the whole point, what is troubling is that the court never expresses why 28 months is an appropriate sentence, never expresses why it's more appropriate than the 12 months requested by the defendant or even the 24 months requested by the government. Aside from saying that probation feels that 28 months is the appropriate sentence, the court really refuses to engage in this analysis, and particularly in that section that Your Honor just mentioned, when counsel again clarified, and let's see, that was page page 21 of the transcript. Yeah, I'm looking at page 21 of the transcript. Right, and the court simply recognized that he had discretion, and then said, and tellingly, that the probation officers don't feel that Ms. Holland should be anything but put back into custody, and no more supervised release. And then he says, if she had two felony convictions while she's on supervised relief, which standing in and of itself would suggest that the supervised relief was violated, so that's the ruling of the court. Correct, and the defendant never challenged the idea that supervised release should not be revoked. She admitted to her conduct, she admitted that it should be revoked, and the real issue here is the crafting of the sentence, and the problem... What about the government's argument that revocations of supervised release can be handled in a more informal way than original sentencing? There is some support in the case law for the idea that the analysis doesn't necessarily need to be as extensive as potentially an initial sentencing. This is essentially what, 3583? Yes, 3583, but 3583 does reference back to 3553A, which requires a court to impose a sentence that is sufficient but not greater than necessary. The court in this case never engaged in any type of analysis that would allow this court to What about the comments that the court makes earlier in this same transcript, which are pretty much all to the effect that Ms. Hollins is a hopeless case, you know, that she's had lots of opportunities to turn her life around, he's just not convinced that this two-year period, most of which represents time that she was incarcerated, is enough, and couldn't you infer from that that he just thinks let's just make it the 28 months and be done with it? I think one might be able to extrapolate something from that, although given the dearth of actual reasoning that the court presents us with, all we're left to do is make assumptions about his reasoning. How much more time, what are we dealing with in terms of a clock right now? Is she serving this sentence and how much more time is there? She is, I believe, so she was incarcerated in November, I know that the original revocation proceeding happened in December, but I believe... This hearing is February 25, 2016, so it's 28 months. I don't know how long she's already been serving it by the time of this hearing, that's why I'm just wondering. I think at that point she'd been at least incarcerated for three to five months at that point. I believe that the initial, you know, I can't remember exactly when the revocation was, the demand was filed, but this is a reasonably considerable amount of time given the overall situation, but she at this point she still has about a year to go, at least. If you want to save a little bit for rebuttal, you can do that. Yes, thank you, Your Honor. Mr. Bohn. Thank you, Your Honor. May it please the court, I believe she's been in custody on the federal supervisory since December of 2015. I believe in this case counsel just said that you could infer, you could extrapolate that that was the judge's reasoning, but that there is a dearth of explanation. One of the things that I think in this case helps is the judge's order that he enters the day after sentencing, and he can't add anything new in that order. I think the case law is pretty clear, but he can clarify, and he essentially says in that supervised release, and we know the goals of supervised release, the primary goal is to reduce recidivism, and I think then you can connect the dots pretty easily that she has repeatedly reoffended. There isn't much hope in the judge's mind. I think it's fairly clear that she won't. But why 28 months? That wasn't the statutory ceiling, was it? No, 60 months, I believe. That's what I thought, 60 months. So 28 months, dart in the wall? 28 months is actually a guideline sentence in this case, Your Honor, because it was 21 to 27 month guideline range. Plus the 31 days, I understand that, but I guess, so it's sort of a guideline sentence, but sort of not. Yeah, I think it's at the high end, and I think this court's been clear that further away from the guidelines a district court gets at sentencing, the more explanation needs to be given. But he doesn't even say, I'm following the guidelines. He really never confronts her argument for at least a partial discount from the 28-month period. I don't disagree that it wasn't as... It's not clear at all. Don't say it's not. No, that's what I'm saying, but I think if you read the context, I think it's on page 18, where she's asking for the discount. His immediate response is, look, I'm dealing here with supervised release, not punishment. But then he says she hasn't demonstrated that she should be released or put at liberty again, and Ms. Pollack immediately says, we're not asking for her to continue on supervised release, and I'm not asking for liberty. I'm just asking for a somewhat lower incarceration period. And that's where it just floats off into the sunset. I think the context here, the judge's comments, I think, are consistent with the notion that supervised release is a breach of the court's trust, and I think... Why not give her 35 months then? I mean, you know, I'm not even sure that more attention would have helped her, but the truth is, after this section we're just talking about, where counsel is trying to clarify that she's asking for a reduction in the period, there's a partial sentence, and then you have Ms. Pollack, then you have Mr. Miller, you have Ms. Pollack again, then you have the and then nothing. Then you have this segment on 21. And argument is not that 28 months is the only appropriate sentence. We actually asked for less than that. But the question isn't whether this is a substantively reasonable sentence, it's whether this is a reasonable sentence, and whether the judge sufficiently articulated it. And I think if you consider, there were graduated sanctions in this case. Counsel, what do you think about the district judge's statement at page 15 of the transcript, that he's hoping that the defendant will take advantage of the programs that are available, and you'll continue to work against the addiction that you admittedly have? The opening brief here relies on the Tapia case, in which the Supreme Court says that is a forbidden consideration in choosing a sentence length, and you don't even mention Tapia. My sense, Your Honor, of that comment is that it is the district judge's hope, for Ms. Hollins personally, that she will be able to overcome the addiction that she's faced for years. So you think the district court has clearly signaled that he would choose the same length anyway, and that given taking the length is given, he hopes you'll make good use of it. But what can't one read this as saying, I'm giving you more time to get this program? I think that's a possible reading, Your Honor. My experience with Judge Baker is that that is not what is going on. We're not trying to adjudicate your experience. I understand that. I think there's two reasonable... What we have in this transcript is what we have. That's right. But I think it's just as reasonable the explanation that he is personally hoping that the woman in front of him can... Well, then we've got a problem if you say, it's just as reasonable to suppose that he did a legal thing and an absolutely forbidden thing. What's the Court of Appeals supposed to do? I'm sorry, I should have said, I think it's a more reasonable... That's what you meant to say, we're sure. I don't believe... I think, Judge Easterbrook, there's one other thing in this regard that makes that important, is that she has said, I've been sober. And really, I think that sobriety was driven by her being incarcerated. When she's been out, she almost immediately relapses. This isn't to say that going into prison is, as Tapia says, should be the way of remedying that. But I think it is a consideration for the court that she's period, towards the top end of the guideline range, where she's incapacitated. Part of this is protecting the public, and if she's, as she says, struggles with retail theft while she's not sober. Yes, many of the things here don't make sense. Once the judge concludes that she is utterly hopeless, I don't understand why she doesn't get the statutory max, and I don't understand why the judge says, I hope you'll get your act in gear, after he's just concluded that it's hopeless, that she'll never get her act in gear. I think he's responding to the notion that she is getting her act in gear, and he says, well, I hope that's true, but I don't think it's true at this point. I wish I could wave my magic wand and you would be better, but I don't think that's going to happen in this case. I think that's what Judge Baker was trying to say. Unless there's any other questions, we'll rely on our briefs. All right, thank you very much. Anything further, Ms. Romay? I think that what is telling here is what Judge Easterbrook just mentioned, that the fragments of analysis that we do have that appear to be there's question as to whether or not that was even legal consideration under TAFIA, and aside from that, you're not arguing a TAFIA violation, are you? I did not make that a significant portion of my brief. Did you make it any portion of your brief? I did mention it in the opening brief, but, as a basis for reversal? I think I noted it as it's questionable. You said, however, under 3582A, rehabilitative programming is an inappropriate basis for imposing a prison sentence. You quoted our case citing TAFIA. Correct. So you brought it up, I think, to that extent. That's to the extent that, actually you have a follow-up sentence, too, that's to the extent that district judge relied on the potential rehabilitative programming available to the BOP as error. Precisely. So my point here is that it is unclear, I agree with counsel that it's unclear what the district court intended by that phrase. To the extent it was intended, he relied on it. In deciding on the appropriate sentence, it was error. I don't think it is clear from the record that he relied on it. So I agree with that, however. So there's not a TAFIA violation? Not a clear one, no. So you're not arguing that as an independent basis for reversal? Correct. It would not be a sole basis. My argument would be that whatever he, if, the argument here is that there is no way of knowing what the district court relied upon other than probation's in fashioning the 28-month sentence. And her lengthy criminal record, and the egregiousness of her violations of supervised release, and the repetition of her violations of supervised release, and his view that she was proving difficult to rehabilitate and needed additional time in prison at the high end of the guidelines range, and indeed a month above the guidelines range to account for the time that she didn't serve on home confinement. He listed lots and lots of reasons. I see that my time is up. May I respond? Of course, yes, you should always respond to a judge. Okay, thank you, Your Honor. You're speaking in these sweeping generalities that imply that he said nothing to justify the decision, and that's just not true. Well, the court did reference multiple reasons to revoke her supervised release when he was reading probation's recommendations. He did not, there is nothing in the record to show that he conducted his own independent analysis under 3553A, or addressed her arguments in mitigation. The probation's report could not have addressed her arguments in mitigation. What are the arguments in mitigation that were overlooked? Well, he did not actually address the merits of her argument requesting a discount for the time he served. That's basically it, right? Because everything else was addressed. Well, he cursorily addressed her other argument, which was that she was basically getting her act together, and she had been sober. But that was a significant argument that she made, that she had already spent a significant period of time incarcerated on the underlying offense, and that he refused to engage on. And the discussion of that argument is telling, in that it shows that he relied on probation to make the decision for him. All right, thank you very much. Thank you very much. Thanks to both counsel. We'll take the case under advisement. Court will be in recess. Thank you.